IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDITH RIVERA-RODRIGUEZ

Plaintiff

vs

ALLIED WASTE OF PONCE, INC., f/k/a BROWNING FERRIS INDUSTRIES OF PONCE, INC.; ALLIED WASTE OF PUERTO RICO, INC., f/k/a BROWNING FERRIES INDUSTRIES OF PUERTO RICO, INC.; Insurers "A" and "B;" HOSPITAL EPISCOPAL SAN LUCAS DE GUAYAMA INC., a/k/a HOSPITAL CRISTO REDENTOR, INC., and its Insurer REAL LEGACY ASSURANCE COMPANY; unknown defendants and/or defendants whose identity or existence is unknown "D" to "Z"

Defendants

CIVIL 11-1649CCC

**OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment (**docket entry 61**) filed by third-party defendant Hospital Episcopal Cristo Redentor (Hospital) on September 5, 2012 against third-party plaintiffs Allied Waste of Ponce, inc., formerly known as Browning Ferris Industries of Ponce, inc., and Allied Waste of Puerto Rico, formerly known as Browning Ferris Industries of Puerto Rico, Inc. (together hereinafter "Allied"[1]) opposed by docket entry 86. Plaintiff having originally filed suit against the Hospital, the claim filed by Allied against the then defendant Hospital (docket entry 12) was characterized as a crossclaim. The August 17, 2012 order granting plaintiff's voluntary dismissal of her suit against the Hospital (docket entry 59) noted that the crossclaim "remain[ed] in effect as a third-party complaint."

The third-party complaint is based on compliance with the contractual obligations set forth in the Service Agreement (docket entry 81, Exhibit 1 of the opposition) between Allied,

[1]The Browning Ferris entities are referenced in various documents as "BFI."

referred to in said agreement as BFI, and the Hospital, referred to as the Customer. Article VIII of the agreement, entitled "Responsibility for Equipment," provides the following:

> The equipment furnished hereunder by BFI shall remain the property of BFI; however, Customer acknowledges that it has care, custody and control of the equipment while at the Customer's location and accepts responsibility for all loss or damage to the equipment (except for normal wear and tear or for loss or damage resulting from BFI's handling of the equipment) and for its contents. Customer agrees not to overload(by weight or volume), move or alter the equipment, and shall use the equipment only for its proper and intended purpose. **Customer agrees to indemnify, defend and hold harmless BFI against all claims, damages, suits, penalties, fines and liabilities for injury or death to persons or loss or damage to property arising out of Customer's use, operation or possession of the equipment**. Customer agrees to provide unobstructed access to the equipment on the scheduled collection day. If the equipment is inaccessible so that the regularly scheduled pick-up cannot be made, BFI will promptly notify the Customer and afford the Customer a reasonable opportunity to provide the required access; however BFI reserves the right to charge an additional fee for any additional collection service required by Customers failure to provide such access.

(Our emphasis)

It is undisputed that the Hospital is a statutory employer due to its relationship with Metropolitan Food Service, Inc., plaintiff's real employer, as set forth in their Food Services Agreement. Therefore, it has statutory immunity from suit by employees such as plaintiff Edith Rivera. The Hospital seeks dismissal of Allied's third-party complaint based strictly on its status as the statutory employer of plaintiff Rivera.

Notwithstanding the Hospital's status as a statutory employer, Allied's third-party complaint against it, rests solely on an independent contractual claim arising from the enforcement of the hold harmless clause found in Article VIII of the Services Agreement executed by them. The viability of this contractual claim is supported by Vélez v. Halco Sales Inc., 97 DPR 438, 97 P.R.R. 426 (1969). There the Supreme Court of Puerto Rico interpreted Puerto Rico Workmen's Compensation Act, in the context of a **waiver** of the statutory employer's protection upon executing an independent contract with a third person, such as Halco or in our case Allied.

The Court has carefully examined the contract between Allied and the Hospital, its hold harmless clause, the compliance with such contract upon which the third-party complaint is based and the contractual relationship between Allied and the Hospital. These factors lead us to conclude that this case is governed by the decision of the Supreme Court of Puerto Rico in Halco. The third-party defendant's reliance on Fowler v. Boise Cascade Corporation, 948 F.2d 49 (1st Cir. 1991) is misplaced. That case is based exclusively on the interpretation of the **Maine** Workers' Compensation Act, ME Rev. Stat. Ann., specifically Title 39, Section 4 dealing with an **explicit** waiver by an employer of his right to statutory immunity from suit, and **Maine** Law Court cases, See, e.g. Diamond International Corp. v. Sullivan& Merritt, 493 A.2d 1043 (Me. 1985); Roberts v. American Chain & Cable Company, 259 A.2d 43 (Me. 1969).[2] The Halco decision made the clear distinction between cases "decided in the light of the concept of the employer's Aquilian liability or fault . . . . on the basis of the negligence of the employer *ex delicto* by action or omission intervening fault or negligence," and a case "asserting an *ex contractu* against the employer by another person who is not the workman." Halco, at 432-433. As in Halco, by virtue of the contract between the third-party plaintiff (Halco) and the third-party defendant (Grenwall, the employer), the third-party defendant agreed to hold the third-party plaintiff **harmless against all claims, damages, suits, penalties, fines and liabilities for injury or death to persons or loss or damage to property arising out of Customer's use, operation or possession of the equipment**. The Supreme Court of Puerto Rico made clear that if an employer, in our case -- the Hospital -- knowing the immunity offered by the **Puerto Rico** Workman's Compensation Act decides in exercising his freedom of contract to assume an obligation regarding third persons, such as Allied in our case, who may be adjudged to be guilty of the accident, this is neither contrary to the public policy involved in the **Puerto Rico** Workman's

[2] "A court applying Maine law should strictly construe waivers of this statutory immunity so as to preserve the legislative intent behind the Workers' Compensation Act." Fowler, *supra*, at 56.

Compensation Act nor its integrated system of compensation to workers. It made clear that the third-party complaint in Halco, as in our case, was to assert the right to require the third party defendant as **a contracting party** to comply with its obligations.

The following unequivocal statements in the Halco decision, at pp 433-435, render Fowler, based on the Maine Workers' Compensation Act, clearly inapplicable to the case before us. Nowhere in Halco does the Puerto Rico Supreme Court require, as does the Maine Law Court in Fowler, an explicit waiver of the Act's protection. The employer is free to contract with third persons obligations containing a hold harmless clause and that is sufficient. No express waiver of the employer's immunity is needed. The freedom of contract entails the freedom of choice. In this case the Hospital chose to waive its protection as a statutory employer when it contracted with Allied.

> It appears from the record that between the defendant Halco Sales, inc., and the third-party defendant Glenwall, a contact dated on July 26, 1963 was signed in which Glenwall bound itself as lessor of the equipment to keep it in safe condition for its operation; it assumed all the responsibility for claims asserted by any person, which could arise from the maintenance, use and possession of said equipment, and it agreed to hold the defendant Halco Sales harmless from the liability it could have by reason of such claims.
>
> Undoubtedly the third-party complaint in this case is directed to assert said contractual clauses. Even though it were interpreted that the agreement of the third-party defendant Glenwall with the codefendant Halco to assume all responsibility for claims from any person which could arise from the maintenance, use, and possession of the equipment excludes Glenwall's responsibility as employer to his own employee in the light of the rules of the Act, Glenwall went still further and agreed *inter alia* to hold Halco harmless or to assume any responsibility which Halco could have for the reasons stated.
>
> Under said circumstances, to support the right of the codefendant Halco or of its insurance company to require compensation from Glenwall, by way of a third-party complaint, and in compliance with a contract, for what Halco would be bound to pay to the plaintiff State Insurance Fund and to the workman as a result of the accident, is not contrary either to the rule established in Cortijo and in other of our decisions, or to the public policy involved in the Workmen's Accident Compensation Act regarding the immunity offered by the Act to an insured employer tort-feasor of the damage suffered by his employee, against the latter's actions in the quasi-delictual sphere of the fault or negligence.

> The immunity induces the employers to carry insurance, and leads to the existence of an integrated system of compensation on the basis of an objective liability, with or without negligence.
>
> **If an employer, knowing the state of the law and the immunity which protects him, in his freedom of contract decides to assume an obligation regarding third persons who might be guilty of the accident, this in no way affects the public policy nor the integrated system of compensation to workmen, provided, as far as the worker and the Fund are concerned, that the provisions of the law, which cannot be modified or altered contractually, be complied with.** (Emphasis ours)
>
> Under the circumstances of this case, Halco and its insurer should always and directly be held liable, notwithstanding the existence of the third-party complaint, to the plaintiff Fund and to the workman, if it were proved that by its fault or negligence the third person was the one who caused the accident . – Section 31 of the Act.
>
> What Halco seeks with the third-party complaint is to assert its right, if judgment is rendered against it in favor of the Fund and the workman, to require Glenwall to comply with its contractual obligation of indemnifying Halco for what it would have to pay. The fact that the third-party complaint should be granted in due time would in no way affect Halco's obligation to indemnify the worker and the Fund if by judgment it were adjudged as the one guilty of the accident by its fault or negligence.
>
> On the basis of the foregoing assumptions of law which should govern, the granting of the third-party complaint in this case does not depart from the rules of Cortijo and of other decisions, nor from the rules of the special law which governs. We believe that if Halco had indemnified the plaintiff, in the event it were adjudged to do so, nothing would preclude it from bring a suit to recover from Glenwall under the contractual covenant agreed upon. The fact that it may do so by way of a third-party complaint in the suit does not alter the substantive situation governing between the parties, nor does it alter or affect the position of the Fund and the plaintiff workman under section 31 of the Workmen's Accident Compensation Act.

For the above-stated reasons, the Court concludes that third-party plaintiff Allied's complaint against the Hospital proceeds. Accordingly, the Hospital's Motion for Summary Judgment (**docket entry 61**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 10, 2013.

S/CARMEN CONSUELO CEREZO
United States District Judge